IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIMMONS, | No. 2:13-CV-0592-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SUPERIOR COURT OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

9  　　　　In this § 1983 civil rights case, plaintiff claims: "They are trying to charge me
10 with the same thing more than once; have been charged with the same thing over and over.  I am
11 the only one involved in this situation.  They have false evidence and also not dismissing the
12 charges they have filed against me."  From this is appears that plaintiff is challenging the fact of
13 his pre-trial detention.  Remedies lie under § 1983 only where the prisoner challenges the
14 conditions of his confinement.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).
15 Because such does not to appear to be the case here, it also appears that plaintiff cannot state a
16 claim for relief under § 1983.

17 　　　　Because it does not appear possible that the deficiencies identified herein can be
18 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
19 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1   Based on the foregoing, the undersigned recommends that this action be dismissed
2   for failure to state a claim.
3   These findings and recommendations are submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5   after being served with these findings and recommendations, any party may file written
6   objections with the court.  Responses to objections shall be filed within 14 days after service of
7   objections.  Failure to file objections within the specified time may waive the right to appeal.
8   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  August 1, 2013

```
                                                    /s/ Craig M. Kellison
                                                    _____
                                                    CRAIG M. KELLISON
                                                    UNITED STATES MAGISTRATE JUDGE
```