1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 RONALD SIMMONS,                     No. 2:13-CV-0592-LKK-CMK-P

12          Plaintiff,

13    vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14 SUPERIOR COURT OF
   SACRAMENTO, et al.,
15
            Defendants.
16
   _____/
17

18          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

20          The court is required to screen complaints brought by prisoners seeking relief

21 against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24 from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25 the Federal Rules of Civil Procedure require that complaints contain a "... short and plain

26 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1    This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2    84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3    if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4    which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5    allege with at least some degree of particularity overt acts by specific defendants which support

6    the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7    impossible for the court to conduct the screening required by law when the allegations are vague

8    and conclusory.

9            In this § 1983 civil rights case, plaintiff claims: "They are trying to charge me

10   with the same thing more than once; have been charged with the same thing over and over.  I am

11   the only one involved in this situation.  They have false evidence and also not dismissing the

12   charges they have filed against me."  From this is appears that plaintiff is challenging the fact of

13   his pre-trial detention.  Remedies lie under § 1983 only where the prisoner challenges the

14   conditions of his confinement.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

15   Because such does not to appear to be the case here, it also appears that plaintiff cannot state a

16   claim for relief under § 1983.

17          Because it does not appear possible that the deficiencies identified herein can be

18   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

19   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1  Based on the foregoing, the undersigned recommends that this action be dismissed

2  for failure to state a claim.

3  These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court.  Responses to objections shall be filed within 14 days after service of

7  objections.  Failure to file objections within the specified time may waive the right to appeal.

8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED:  August 1, 2013

11

12  CRAIG M. KELLISON
   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26